

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1364 | **DATE** | 2/25/2013 |
| **CASE TITLE** | George Wilson, et al. Vs. Kleurer & Platt | | |

**DOCKET ENTRY TEXT**

Putative plaintiffs George and Victoria Wilson's Motion for Leave to Proceed *In Forma Pauperis* [4] is denied. This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Before the Court is putative plaintiffs George and Victoria Wilson's (the "Wilsons") Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, the motion is denied and the case is dismissed.

The Court must dismiss this case if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Although the Court construes the Wilsons' pro se pleadings liberally, it is "well established that pro se litigants are not excused from compliance with procedural rules." Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008) (citations omitted). Under Rule 8, a complaint must contain a "short plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "simple, concise, and direct" allegations, id. (d)(1). This Rule:

> [R]equires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.

United States ex rel. Garst v. Lockheed–Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Although Rule 8 does not require "'detailed factual allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Dismissal of a complaint is proper if it is unintelligible, United States ex rel. Garst, 328 F.3d at 379, or if "the factual detail . . . [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," St. John's United Church of Christ v. City of Chi., 502 F.3d 616, 625 (7th Cir. 2007) (internal quotation marks and citation omitted) (alteration in original); see also Srivastava v. Daniels, 409 F. App'x 953, 955 (7th Cir. 2011).

The Wilsons' complaint is largely unintelligible, and appears to ask the Court to review or supervise a mortgage foreclosure proceeding in the state court. Federal courts may not "review or supervise civil

| STATEMENT |
|---|
| proceedings in a state court between private parties." Skolnick v. Martin, 317 F.2d 855, 856-57 (7th Cir. 1963). Indeed, "federal courts do not guarantee a citizen against the loss of a private civil action due to alleged irregularities in the trial thereof in a state court." Skolnick v. Spolar, 317 F.2d 857, 859 (7th Cir. 1963). Because the Wilsons' complaint fails to comply with the minimal pleading requirements set forth in Rule 8, and fails to state a plausible claim on which relief may be granted, Twombly, 550 U.S. at 570, this case is dismissed.<br>     IT IS SO ORDERED. |



2013 FEB 25 PM 5:33
CLERK
U.S. DISTRICT COURT